THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BEST MAINTENANCE GROUP, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.:  1:19-cv-3674-JPH-DLP |
| v. | ) | |
| | ) | |
| TRAVELERS CASUALTY INSURANCE | ) | |
| COMPANY OF AMERICA, aka | ) | |
| TRAVELERS | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Travelers Casualty Insurance Company of America ("Travelers") by counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint for Declaratory Judgment ("Complaint") states as follows:

1.      The insurance policy purchased by Best from Travelers issued 8 February 2018, number 680 6F556822-18-42, for the term 21 March 2018 – 21 March 2019 @ 12:01 a.m.

**ANSWER:**    Travelers admits that it issued policy number 680-6F556822-18-42 to Best Maintenance Group LLC for the period March 21, 2018 to March 21, 2019 (the "Travelers Policy").  Travelers lacks sufficient knowledge and information to respond to the remaining allegations in Rhetorical Paragraph 1.

2.      Face page of the policy with 11 relevant pages of CG 00 01 10 01, the Commercial General Liability Coverage portion of the policy, are attached hereto, made part hereof, well known to the parties, marked **Exhibit A.**

**ANSWER:**   Travelers admits only that the pages identified as Exhibit A to the Complaint are contained within the Travelers Policy, but denies the allegation or implication that such pages are the only relevant or operable terms and/or conditions in the Travelers Policy.  As such, Travelers denies the remaining material allegations in Rhetorical Paragraph 2.

3.      The occurrence, occurrences, in question occurred with the policy or coverage period.

**ANSWER:**   Travelers denies the material allegations in Rhetorical Paragraph 3.

4.      Travelers wrongfully, unlawfully, denies coverage, defense of the suit below. Basis of denial does not include the occurrence or occurrences occurred outside the policy period.

**ANSWER:**   Travelers denies the material allegations in Rhetorical Paragraph 4.

5.      In February 2018 Kismet Realty, customer of Best's, sued Best for an Indianapolis demolition project after terminating Kismet's contract with Best. See **Exhibit B,** face page of suit, now before The Honorable Patrick J. Dietrick, Marion County, Indiana Civil Superior Court, Case Number 49D05 1903 PL 11572.

**ANSWER:**   Travelers lacks sufficient knowledge and information to respond to the allegations in Rhetorical Paragraph 5.

6.      Travelers has full copies of Exhibits A & B, incorporated herein as though fully published.

**ANSWER:**   Travelers admits only that it is in possession of full and complete copies of the documents referenced as Exhibits A and B in the Complaint, and denies the remaining material allegations in Rhetorical Paragraph 6.

7.      Travelers is obligated by contract to indemnify Best, to pay all damage Best is declared legally obligated to pay, to defend Best in PL 11572. In breach Travelers denies both duties, damaging Best.

**ANSWER:**    Travelers denies the material allegations in Rhetorical Paragraph 7.

8.      There is a dispute as to the meaning, interpretation, applicability, of the contract of Exhibit A. The Court must issue declaratory judgment.

**ANSWER:**    Travelers admits that a dispute exists between the parties as to the interpretation and application of the Travelers Policy as it relates to the underlying lawsuit referenced in Exhibit B of the Complaint, and that declaratory judgment is appropriate at this time.

9.      Particularly in construing the contract against its maker, Court must rule in favor of Best.

**ANSWER:**    Travelers denies the material allegations in Rhetorical Paragraph 9.

10.     No definition, no exclusion, prevent Best from coverage or defense, legal defense, from Travelers. The occurrence, occurrences, at bar are covered by Exhibit A in favor of Best by Travelers.

**ANSWER:**    Travelers denies the material allegations in Rhetorical Paragraph 10.

11.     There was no relevant work or product by Best to exclude coverage.

**ANSWER:**    Travelers denies the material allegations in Rhetorical Paragraph 11.

12.     There is no exclusive definition nor exclusion that excludes coverage.

**ANSWER:**    Travelers denies the material allegations in Rhetorical Paragraph 12.

13.     The definition of occurrence to trigger coverage is met.

**ANSWER:**     Travelers denies the material allegations in Rhetorical Paragraph 13.

14.     Best shall amend this complaint as circumstances, discovery, dictate.

**ANSWER:**     Travelers lacks sufficient knowledge and information to respond to the allegations in Rhetorical Paragraph 14.

> */s/ Meghan E. Ruesch*
> John C. Trimble, #1791-49
> Meghan E. Ruesch, #32473-49
> LEWIS WAGNER, LLP
> 501 Indiana Avenue, Suite 200
> Indianapolis, IN  46202-3199
> Telephone:  (317) 237-0500
> Facsimile:  (317) 630-2790
> E-Mail: jtrimble@lewiswagner.com
> E-Mail: mruesch@lewiswagner.com

## AFFIRMATIVE DEFENSES

Comes now Defendant, Travelers Casualty Insurance Company of America ("Travelers") (incorrectly named in the caption as "Philadelphia Insurance"), by counsel, and for its Affirmative Defenses to Plaintiff's Complaint for Declaratory Judgment ("Complaint"), states as follows:

1.     Plaintiff's claims are limited or governed by all insuring terms, provisions, conditions, exclusions, and limitations in the Travelers Policy.

2.     Plaintiff's claims are barred or limited because the underlying action does not allege an "occurrence" as defined by the Travelers Policy and applicable law.

3.     Plaintiff's claims are barred by the Contractual Liability Exclusion in the Travelers Policy, because the claims in the underlying action are for liability arising out of Plaintiff's liability in a contract with the underlying plaintiff.

4.     Plaintiff's claims are barred by the Damage to Property Exclusion in the Travelers Policy, because the underlying action alleges "property damage" to real property on which Plaintiff was working or performing operations, and such "property damage" arises out of those operations; and/or "property damage" to property that must be restored, repaired or replaced because "your work," as defined by the Travelers Policy and applicable law, was incorrectly performed.

5.     Plaintiff's claims are barred by the Damage to Your Work Exclusion in the Travelers Policy, because the underlying action alleges "property damage" to "your work," as defined by the Travelers Policy and applicable law, arising out of and included in the "products-completed operations hazard," as defined by the Travelers Policy and applicable law.

6.     Plaintiff's claims are barred by the Damage to Impair Property or Property Not Physically Injured Exclusion in the Travelers Policy, because the underlying action alleges "property damage" to "impaired property," as defined by the Travelers Policy and applicable law, that has not otherwise been physically injured, and arising out of a defect, deficiency, inadequacy, or dangerous condition in "your work," as defined by the Travelers Policy and applicable law.

7.     Plaintiff's claims are barred by the Recall of Products, Work, or Impaired Property Exclusion in the Travelers Policy, because the underlying action alleges damages for loss, cost, or expense for the loss of use, inspection, repair, replacement, adjustment, removal, or disposal of "your work" and/or "impaired property," as defined by the Travelers Policy and applicable law, which was withdrawn from the marked or from use because of a known or suspected defect, deficiency, inadequacy, or dangerous condition in it.

8.     Plaintiff fails to state a claim upon which relief can be granted.

9.     Travelers reserves the right to rely upon further terms, conditions, limitations, and exclusions to coverage not heretofore raised, should additional information obtained in the course of discovery or further investigation implicate other defenses to coverage, and nothing contained herein or communicated to Plaintiff prior to the institution of this lawsuit shall be deemed a waiver or relinquishment of any defense to coverage in the Travelers Policy.

WHEREFORE, Defendant, Travelers Casualty Insurance Company of America, by counsel, prays that Plaintiff takes nothing by way of its Complaint, for costs of this action, and for all other proper relief in the premises.

/s/ Meghan E. Ruesch
John C. Trimble, #1791-49
Meghan E. Ruesch, #32473-49
LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN  46202-3199
Telephone:  (317) 237-0500
Facsimile:  (317) 630-2790
E-Mail: jtrimble@lewiswagner.com
E-Mail: mruesch@lewiswagner.com

## DEMAND FOR JURY TRIAL

Comes now Defendant, Travelers Casualty Insurance Company of America, by counsel, pursuant to Federal Rule of Civil Procedure R. 38(b) and Local Rule 38-1, and respectfully demands that the above matter be tried by a jury.

/s/ Meghan E. Ruesch
John C. Trimble, #1791-49
Meghan E. Ruesch, #32473-49
LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN  46202-3199

Telephone:  (317) 237-0500
Facsimile:  (317) 630-2790
E-Mail: jtrimble@lewiswagner.com
E-Mail: mruesch@lewiswagner.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2019, a copy of the foregoing was filed electronically.

Service of this filing will be made on all ECF-registered counsel by operation of the court's

electronic filing system, as follows.  Parties may access this filing through the court's system.

Gregory W. Black, Esq.
GREGORY W. BLACK, P.C.
1647 E. Main Street, Suite A
P.0 Box 845
Plainfield, IN 46168
Telephone: (317) 839-2500
Email: gblack.blacklaw@sbcglobal.net
*Attorney for Plaintiff*

/s/  *Meghan E. Ruesch*
MEGHAN E. RUESCH